## McGrath *versus* The Hamilton Savings and Loan Association.

*Liability of retiring Member of Loan Association for Expenses during Membership.*

A member of a loan association is under obligation to contribute his share of its necessary expenses: hence, after his membership ceases, the association may recover, on his mortgage to secure loans, the sum loaned, with interest, and his proportionate share of expenses incurred during his membership.

ERROR to the District Court of *Philadelphia*.

This was a *scire facias* by the Hamilton Saving and Loan Association of Philadelphia, against Thomas McGrath, in which the following case was stated for the opinion of the court:—

"This is an action on a building association mortgage.

"The defendant was owner of thirty-three shares of stock of the association, and, in the months of February and March 1854, borrowed of the association two sums, viz., $1600, at $32\frac{1}{2}$ per cent. premium, and $5000, at $32\frac{1}{4}$ per cent. premium. The actual amount of money received by him was $4467.50, to secure which and the monthly payments of one dollar per share on his stock, he gave the mortgage on which the action is brought. The mortgage is dated March 24th, A. D. 1854. Defendant has paid to the association monthly dues and interest amounting to the sum of $3076.81. Expenses have been incurred in the business and management of the association, such as room-rent, account-books, officers' salaries, &c., equal to four dollars upon each share of the stock. By the annual reports of the association, the profits on each share of stock, above legal interest on the amount paid in, is more than sufficient to pay all expenses, said profits being derived from premiums, fines, and profits on re-loans, none of which premiums or fines were paid by the defendant in this suit.

[McGrath *v.* Hamilton Savings and Loan Association.]

" Article 1st, section 3d, of the By-Laws of the Association is as follows :—

" ' Section 3d. Stockholders wishing to withdraw from this corporation, shall, on one month's written notice of such intention being previously given to the president, at a monthly meeting, be entitled to receive the amount actually paid in by each stockholder, less 5 per cent., and his or their proportion of the loss and expenses, with the fines that may be standing against him or them.'

" If, upon the foregoing statement of facts, the defendant is liable for a proportionate share of the expenses of the said association, then judgment is to be entered in favour of the plaintiff and against the defendant for the sum of $1522.69, with interest from May 15th 1862, and costs of suit. If defendant is not liable for a proportionate share of the expenses of the said association, then judgment is to be entered in favour of plaintiff and against the defendant for the sum of $1390.69, with interest from May 15th 1862, and costs of suit. With right to either party of a writ of error."

The court below gave judgment for the plaintiff for $1522.69. Whereupon the defendant sued out this writ, averring the court erred in giving judgment for the plaintiff for more than the sum actually loaned by them, with legal interest thereon.

*Thomas J. Clayton*, for plaintiff in error, argued that the case was within the rules governing building associations, as laid down in the cases of Reiser *v.* William Tell Association, 3 Wright 137 ; Denny *v.* West Philadelphia Building Association, Id. 154 ; Premium Fund Association's Appeal, Id. 156 ; Philanthropic Building Association *v.* McKnight, 11 Casey 470 ; Kupfert *v.* Guttenberg Association, 6 Casey 465 ; Hughes's Appeal, Id. 471 ; viz. : " In a *scire facias* on a mortgage given to a building association, the plaintiffs can only recover the sum actually loaned, with legal interest thereon." Under the judgment of the court below, he is made to pay $132 more than legal interest upon the sum actually borrowed by him, which sum is all profit to the remaining stockholders, as it is admitted that the profits of the concern above legal interest more than pay all expenses.

The article of the constitution inserted in the case stated can have no bearing on the case, as he did not wish to withdraw from the corporation, but was sued by it for the amount of his mortgage, while he has lost all the profits of a participation in the assets of the concern. As well might a banking company charge to its borrowers, being members of the company, in addition to legal interest on their loans, a sum equal to the expense of its officers' salaries, rent of banking-house, losses or bad debts, &c., and this notwithstanding its profits would pay a handsome dividend above all expenses.

[McGrath *v.* Hamilton Savings and Loan Association.]

*William S. Pierce,* for defendant in error.—The question submitted by this case is, whether the plaintiff in error, as a stockholder of said association, is liable for his share of the expenses of the association. His share of these expenses amounts to $132. The counsel for the plaintiff in error says he is not, because the premiums, fines, and profits or re-loans, none of which were paid by the plaintiff in error, but all of which were paid by other stockholders, are more than sufficient to pay all expenses. But this court has decided, in Philanthropic Building Association *v.* McKnight, 11 Casey 470, that these premiums, fines, and profits belong to the stockholders paying them, and can be recovered back by them in an action against the association.

The association is therefore liable to the stockholders who paid these premiums, fines, &c., for repayment of them, and they cannot be said to be profits from which the expenses of the association are to be paid. Whilst the court properly holds these associations to a very strict account in their dealings with their stockholders, it will not permit a retiring stockholder to take advantage of his own wrong, and to inflict upon the remaining stockholders the whole burden of the expenses of the association.

The opinion of the court was delivered, March 2d 1863, by

STRONG, J.—While the plaintiff in error remained a member of the association, he was under obligation to contribute his share of its expenses. What he had invested in its funds was chargeable with its proportion of the necessary expenditure. In a limited sense, he was a partner with the other stockholders. Though, as a mortgagor, he could not be compelled to pay more than the sum actually borrowed by him, with legal interest thereon; it was only as a member that he could claim a share of the profits of the company, or any benefit from payments made by others. If he may now set off against his mortgage a share of the profits made equal to the liability which he has incurred for expenses, he will, in effect, recover more than he has paid in, and will throw upon his associates the whole of a burden, which in truth is his as much as theirs. This cannot be. The association has a right to treat his payments while his membership continued, as his contribution, so far as they were needed, to the discharge of the expenses incurred in the management of the enterprise, in which he had a joint interest with others. Nor has he now any title to the premiums and fines paid by other borrowers. The judgment was therefore right.

Judgment affirmed.